MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane, Bar No. 149206
molly.lane@morganlewis.com
Garrick Y. Chan, Bar No. 315739
garrick.chan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Esther K. Ro, Bar No. 252203
esther.ro@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CHRISTENSEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BMW OF NORTH AMERICA, LLC, a Limited Liability Company; and DOES 1 through 20,<br><br>　　　　　Defendant. | Case No.<br><br>[Santa Cruz County Sup. Ct. Case No. 19CV00473]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC**<br><br>[28 U.S.C. §§ 1331, 1332, 1441, and 1446]<br><br>*[Civil Cover Sheet; Corporate Disclosure Statement and Certification of Interested Parties; and Notice of Appearance filed concurrently herewith;]*<br><br>Date Filed:　　February 11, 2019<br>Date Served:　February 19, 2019<br>Removal Filed: March 20, 2019 |

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), and 1446, Defendant BMW of North America, LLC ("BMW NA") hereby removes the above-entitled action (the "Action") from the Superior Court of the State of California in the County of Santa Cruz, to the United States District Court in the Northern District of California.  In support of this removal, BMW NA states the following:

I.  **REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION AND FEDERAL QUESTION JURISDICTION**

   A.  **Procedural Background**

   1.  On February 11, 2019, plaintiff Linda Christensen ("Plaintiff") commenced this action by filing an unverified Complaint for Damages and other relief in the Superior Court of the State of California, for the County of Santa Cruz, entitled *Christensen v. BMW of North America, LLC, a Limited Liability Company; and Does 1 through 20*, Case No. 19CV00473 ("Complaint").  The Complaint alleges five causes of action: (1) Violations of the Song-Beverly Consumer Warranty Act; (2) Breach of Implied Warranty – Song-Beverly Consumer Warranty Act; (3) Violations of the Magnuson-Moss Warranty Act; (4) Breach of Implied Warranty – Magnuson-Moss Warranty Act; and (5) Breach of Express Warranty (Compl. ¶¶ 8-48.)  Among the relief Plaintiff seeks, is significant monetary damages in excess of $75,000 based on alleged direct, incidental, and consequential damages, multiple statutory civil penalties, prejudgment interest, and statutory attorney's fees.  (Compl. p. 6.)

   2.  BMW NA was served with the Complaint and Notice of Case Assignment and Mandatory Appearance on February 19, 2019, by process server.

   3.  Pursuant to the provision of 28 U.S.C. § 1446(a), BMW NA attaches

to this Notice and incorporates by reference **Exhibit A**, which includes true and correct copies of the Complaint and all accompanying documents served with the Complaint upon BMW NA.

4. Exhibit A constitutes all process, pleadings, and orders that have been filed in this action.

### B. This Court Has Subject Matter Jurisdiction Based on Complete Diversity of the Opposing Parties

5. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed by BMW NA pursuant to 28 U.S.C. § 1441(a) and (b). The requirements for diversity jurisdiction are met here because this is a civil action with an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states.

#### 1. The Amount in Controversy Exceeds $75,000

6. The first requirement for diversity jurisdiction is that the amount in controversy must exceed the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). In determining whether a complaint meets the $75,000 threshold amount set forth in 28 U.S.C. § 1332(a), a court must consider the aggregate amount of all the claims, not the amount involved in each individual claim. *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of single plaintiff are aggregated in order to satisfy amount in controversy).

7. The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction. See *Banta v. Am. Med. Response Inc.*, 2011 U.S. Dist. LEXIS 77558, at *4 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC

DB2/ 36135033.1

1  plaintiff could avoid removal simply by declining to place a specific dollar claim
2  upon its claim"); see also *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35
3  (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, lost
4  earning capacity, medical expenses, emotional distress, and attorneys' fees, was
5  enough to put the amount in controversy above $75,000).

6      8.    It is well established that [t]he amount-in-controversy allegation "is
7  accepted if made in good faith." *Dart Cherokee Basin Operating Co. v. Owens*,
8  135 S. Ct. 547, 554 (2014). To satisfy the amount-in-controversy requirement, "a
9  defendant's notice of removal need include only a plausible allegation that the
10 amount in controversy exceeds the jurisdictional threshold." *Id*. Similarly, the
11 amount-in-controversy allegation of a defendant seeking federal-court adjudication
12 "should be accepted when not contested by the plaintiff or questioned by the court."
13 *Id*. Thus, removal is proper if, from the allegations of the Complaint and the Notice
14 of Removal, it is more likely than not that the claims exceed $75,000, exclusive of
15 interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th
16 Cir. 1996).

17     9.    Here, although BMW NA denies that it is liable for any amount of
18 damages, the amount in controversy based on Plaintiff's claims and allegations in
19 the Complaint, exceeds $75,000 exclusive of interest and costs. See *Singer v. State
20 Farm Mut. Auto Ins.*, 116 F.3d 373, 376-77 (1997); see also *Simmons*, 209 F. Supp.
21 2d at 1031-35. In fact, the statutory attorney fees which Plaintiff seeks would alone
22 satisfy the $75,000 threshold. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,
23 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of
24 attorneys' fees, either with mandatory or discretionary language, such fees may be
25 included in the amount in controversy.") Accordingly, the jurisdictional amount
26 needed to establish diversity jurisdiction here is met.
27 ///
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3
**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC**
DB2/ 36135033.1

### 2. Complete Diversity Exists

10. The second requirement, complete diversity of citizenship, is met when all plaintiffs are diverse from all defendants. 28 U.S.C. §1332(a)(1). Removal of such an action is appropriate when no defendant is a citizen of the same state in which the action was originally brought. 28 U.S.C. § 1441(a), (b). For purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The citizenship of "Doe" defendants, however, is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that, for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); see also *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

11. Here, the diversity requirements are met because, upon information and belief, Plaintiff is a citizen of California, while Defendant BMW NA is a citizen of the states of Delaware and New Jersey. (See **Exhibit B** Declaration of Jessica Liu in Support of Defendant's Amended Notice of Removal, ("Liu Decl.") ¶ 2 ("BMW NA is a privately held Delaware limited liability company with its principal place of business located in Woodcliff Lake, New Jersey… . BMW NA is [] member-managed … and is a wholly own subsidiary of BMW (US) Holding Corporation, which is the sole member of BMW NA … [and] incorporated under the laws of Delaware, and has its headquarters and principal place of business in the State of New Jersey."); BMW NA's Corporate Disclosure Statement; see Liu Decl. [**Exhibit B** to Declaration] (Statement of Information filed with the California Secretary of State, listing BMW (US) Holding Corporation as the sole member of

1  BMW NA).)

2  12.  Because a limited liability company's citizenship is the same as that of its members, and because the sole member of BMW NA is BMW (US) Holding Corporation, BMW NA's citizenship is the same as that of BMW (US) Holding Corporation. *Johnson*, 437 F.3d at 899 ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Further, because BMW (US) Holding Corporation is a corporation, it is a citizen of Delaware (its place of incorporation) and New Jersey (its only principal place of business[1]). 28 U.S.C. § 1332(c)(1). Accordingly, the citizenship of BMW NA is Delaware and New Jersey, *not* California.

13.  There has been some confusion regarding the Statement of Information filed by BMW NA with the California Secretary of State. On June 6, 2018, BMW NA filed an LLC-12 Statement of Information form that listed BMW (US) Holding Corporation as the sole member of BMW NA in Section 5. (*See* Liu Decl. ¶¶ 2-3, and Exhibit A attached thereto.) That LLC-12 form was accompanied by four Attachment forms (LLC-12A forms) that had requested the names of any managers/members for BMW NA in Section D. BMW NA inadvertently listed the names of various *officers* for BMW NA, who were neither members nor managers. (Liu Decl. ¶¶ 2-5, and Exh. A, attached thereto.) Once BMW NA became aware of the mistakenly listed officers, it filed an amended LLC-12 on November 30, 2018. (Liu Decl. ¶ 6, and Exh. B, attached thereto.) The amended LLC-12 form makes it

---

[1] Courts have unambiguously held that a corporation has only one principal place of business. See *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters…"); see also *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008) (where it is shown California is not principal place of business of defendant and because defendant is a Delaware corporation, held that defendant was not a citizen of California for purposes of diversity jurisdiction).

clear that BMW (US) Holding Corporation is the sole member of BMW NA. (Liu Decl. Exh. B.)

14.     Accordingly, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and the Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

### C.      This Court Also Has Subject Matter Jurisdiction Based on Federal Question Jurisdiction

15.     A district court has original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. A defendant may remove a state court action to the district court of the United States for the district and division embracing the place where such action is pending, provided that the district court has original jurisdiction over the subject matter therein. 28 U.S.C. § 1441(a). Whether a Plaintiff's claim arises under federal law is determined by the application of the well-pleaded complaint rule, which "applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (citing *Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127 (1974) and *Pan American Petroleum Corp. v. Superior Court*, 366 U.S. 656, 663 (1961).) Under the well-pleaded complaint rule, a state court claim may be removed to federal district court if it presents a federal question which appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1982).

16.     Additionally, the Magnuson-Moss Warranty Act expressly grants jurisdiction to district courts under the facts of this case. *See* 15 U.S.C. 2310(d)(1)(B) ("a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title [15 USCS §§ 2301 et seq.], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . in an appropriate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 36135033.1

6
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC

1  district court of the United States . . ." (brackets in original)).

2  17. Here, it appears from the face of Plaintiff's Complaint that this is a civil action that arises, in part, from a claim alleging a violation of the federal Magnuson-Moss Warranty Act (15 U.S. Code § 2301 *et seq.*), and Plaintiff seeks remedies pursuant to that Act (15 U.S.C. § 2310). (Compl. ¶¶ 26-36.) Thus, the jurisdictional requirements for removal are met because this case arises out of the laws of the United States within this Court's original jurisdiction, within the meaning of 28 U.S.C. § 1331, and by express grant of jurisdiction by Congress.

18. The other bases for relief asserted by Plaintiff on the face of his Complaint all arise out of the same set of facts and are part of the same case and controversy, so that this Court has supplemental jurisdiction over them within the meaning of 28 U.S.C. § 1367(a). Therefore, this is an action over which this Court would have had original jurisdiction had it been filed initially in this Court, and removal to this Court is proper under the provision of 28 U.S.C. § 1441(a).

### D. All Additional Prerequisites for Removal Are Satisfied

19. Removal was timely. On March 20, 2019, without conceding that service of the Summons and Complaint was effective for purposes of 28 U.S.C. §1446(b), BMW NA timely filed its Notice of Removal under that section's requirement that it be filed within thirty (30) days of completion of service of the Complaint upon BMW NA. BMW NA was served on February 19, 2019, so the last day to file the Notice of Removal was March 21, 2019. No previous Notice of Removal had been filed or made with this Court for the relief sought herein.

20. Venue is proper in this Court because the Action is pending in the County of Santa Cruz, California, and the United States District Court for the Northern District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY
DEFENDANT BMW OF NORTH AMERICA, LLC

DB2/ 36135033.1

21. A copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of Santa Cruz, as required by 28 U.S.C. § 1446(d).

22. BMW NA has not sought similar relief.

23. If any question arises as to the propriety of the removal of this Action, BMW NA respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

24. For the forgoing reasons, Defendant BMW NA respectfully requests that this action be removed from the Superior Court of the State of California, for the County of Santa Cruz, to the United States District Court in the Northern District of California, and that all future proceedings in this matter take place in that District Court.

Dated: March 20, 2019

MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane
Esther K. Ro
Garrick Y. Chan

By /s/Garrick Y. Chan
　　Garrick Y. Chan
　　Attorneys for Defendant

# PROOF OF SERVICE

I, Dolores M. Rivera, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1126. On March 20, 2019, I served a copy of the within document(s):

- **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC**

[X] **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Terry L. Baker, Esq.  *Attorney for Plaintiff,*
Consumer Law Group  *Linda Christensen*
820 Bay Avenue Suite 230L
Capitola, CA 95010
Tel: 831-476-4900

Executed on March 20, 2019, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Dolores M. Rivera