# EXHIBIT A
# TO NOTICE OF REMOVAL

 CT Corporation

**Service of Process Transmittal**
02/19/2019
CT Log Number 534954765

TO: Howard Harris
BMW of North America, LLC
300 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-7731

RE: **Process Served in California**

FOR: BMW of North America, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LINDA CHRISTENSEN, PLTF vs. BMW OF NORTH AMERICA, LLC, ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Stipulation and Order |
| **COURT/AGENCY:** | Santa Cruz County - Superior Court - Santa Cruz, CA<br>Case # 19CV00473 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2017 BMW X5 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/19/2019 at 14:23 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Terry L. Baker<br>820 Bay Avenue<br>Suite 230L<br>Capitola, CA 95010<br>831-476-7900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/21/2019, Expected Purge Date: 02/26/2019<br><br>Image SOP<br><br>Email Notification,  Barry Chen  Barry.chen@bmwnaext.com<br><br>Email Notification,  Diane Carbone  Diane.Carbone@bmwna.com<br><br>Email Notification,  Gino Palacios  Gino.Palacios@bmwnaext.com<br><br>Email Notification,  WR Litigation  WR_LITIGATION@bmwna.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FEB 1 9 2019

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BMW OF NORTH AMERICA, LLC, a limited liability corporation; and
DOES ONE through TWENTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LINDA CHRISTENSEN, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
2/11/2019 11:09 AM
Alex Calvo, Clerk
By: Zena Mena, Deputy



**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Santa Cruz County Superior Court | CASE NUMBER: *(Número del Caso):* |
|---|---|
| 701 Ocean Street, Santa Cruz, CA 95060 | 19CV00473 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Terry L. Baker, 820 Bay Avenue, Suite 230L, Capitola, CA 95010 831.476.7900

| DATE: *(Fecha)* 2/11/2019 | Clerk, by **ALEX CALVO** *(Secretario)* | , Deputy *(Adjunto)* Zena Mena |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BMW of North America, LLC, a limited liability corporation

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corps. C. 17701.16 (LLC)
4. ☐ by personal delivery on *(date):* FEB 1 9 2019

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ<br>Santa Cruz Branch<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060 | **FILED**<br>02/11/2019<br>Alex Calvo, Clerk<br>By: Zena Mena<br>Deputy, Santa Cruz County |
|---|---|
| Linda Christensen<br><br>vs<br><br>BMW of North America, LLC | |
| CASE MANAGEMENT INFORMATION AND SETTING | CASE NO:<br>19CV00473 |

# DEFENDANT: YOU HAVE 30 CALENDAR DAYS TO FILE A WRITTEN RESPONSE WITH THE COURT ONCE YOU HAVE BEEN SERVED WITH THE SUMMONS AND COMPLAINT.

The date below is for a Case Management Conference. If you have not responded within 30 days, this hearing MAY NOT take place.

It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

A written response is not always necessary. To make this determination it is important to seek legal advice and information. Some options are:

1. Santa Cruz County Bar Association Lawyer Referral Service: 831-425-4755 (Fee Based service)
2. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301 Watsonville, CA 95076. 831-786-7200 option 4. www.santacruzcourt.org for hours.
3. Santa Cruz Law Library: 701 Ocean Street, Room 70 (Basement), Santa Cruz, CA 95060 831-420-2205 www.lawlibrary.org for hours.
4. Watsonville Law Center: 831-722-2845

PLAINTIFF: This notice MUST be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross defendants.

| YOUR CASE MANAGEMENT CONFERENCE DATE: |
|---|
| DATE:  06/13/2019          TIME:  8:30 A.M.     Santa Cruz Department 10 |
| Address of the Court: 701 Ocean Street, Santa Cruz, California |

To appear by telephone at your Case Management Conference you MUST contact CourtCall at least 5 (five) COURT days before your hearing. Please call them at (888) 882-6878. Do NOT call the Court.

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
2/11/2019 11:09 AM
Alex Calvo, Clerk
By: Zena Mena, Deputy

TERRY L. BAKER   (SBN 214365)
820 Bay Avenue, Suite 230L
Capitola, CA 95010
Tel:    (831) 476-7900
Fax:    (831) 476-7906
tbaker@consumerlawgroup.net

Attorney for Plaintiff
LINDA CHRISTENSEN

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CRUZ

LINDA CHRISTENSEN, an individual,

Plaintiff,

vs.

BMW OF NORTH AMERICA, LLC, a limited liability corporation; and DOES ONE through TWENTY,

Defendants.

Case No. 19CV00473

**COMPLAINT FOR:**

Violations of Song-Beverly Warranty Act;
Violations of Magnuson-Moss Warranty Act; and Breach of Warranty

Plaintiff alleges that, at all times relevant:

### FACTS COMMON TO ALL COUNTS

1.      Defendant BMW of North America, LLC (hereinafter "BMW") is a duly authorized Delaware limited liability company doing business in Santa Cruz County, California.

2.      Plaintiff does not know the true names of the defendants sued herein as Does One through Twenty and sues said defendants pursuant to the provisions of Code of Civil Procedure § 474.

3.      On or about October 29, 2016, plaintiff purchased a new 2017 BMW X5 ("vehicle") which was manufactured and/or distributed, and warranted by BMW.

4.      In connection with the transaction, BMW issued to plaintiffs express warranties within the meaning of Cal. Civil Code § 1791.2, which were also written

1   warranties within the meaning of 15 U.S.C. § 2301(6).  By the terms of the express written
2   warranties, defendant promised that the vehicle's material and workmanship was defect free,
3   undertook to preserve and maintain the utility and performance of the vehicle and to provide
4   compensation if there is a failure in utility or performance, and agreed to refund, repair,
5   replace, or take other remedial action with respect to the vehicle.

6       5.      Plaintiff purchased the vehicle primarily for personal, family or household
7   purposes.

8       6.      Subsequent to plaintiff's purchase, the vehicle exhibited numerous defects and
9   nonconformities covered by the warranties which substantially impair the use, value and
10  safety of the motor vehicle to the plaintiff.

11      7.      Plaintiff delivered the nonconforming motor vehicle to BMW's authorized
12  repair facilities for repairs pursuant to the terms of the warranties.  Defendant has failed to
13  repair or replace the vehicle, or provide restitution.

14                          FIRST CAUSE OF ACTION
15          Violations of the Song-Beverly Consumer Warranty Act
                        (By Plaintiff and against BMW)
16      8.      Plaintiff incorporates all preceding paragraphs.
17      9.      Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).
18      10.     The vehicle is a "consumer good" as defined by Cal. Civ. Code § 1791(a).
19      11.     BMW is a "warrantor" as contemplated by Cal. Civ. Code § 1795.
20      12.     Plaintiff's purchase of the vehicle was a "sale" as defined by Cal. Civ. Code
21  1791(n).

22      13.     BMW violated the Song-Beverly Act by failing to conform the vehicle to the
23  express written warranties within a reasonable number of repair attempts or within the
24  warranty periods and failing to promptly replace the vehicle or make restitution to the
25  plaintiff.

26      14.     The above-described defects, malfunctions, and nonconformities substantially
27  impair the use, value, and safety of the vehicle.

28      15.     Plaintiff has not made unreasonable or unintended use of the vehicle.

16. Pursuant to Civil Code § 1793.2(d), BMW must refund the price of the vehicle to plaintiff.

17. Pursuant to Civil Code § 1794(a), plaintiff is entitled to restitution.

18. As a direct and proximate result of said violations of the Song-Beverly Act, plaintiff has sustained, and continue to sustain, actual, incidental and consequential damages in the approximate amount of $81,000 according to proof.

19. The failure of BMW to comply with the Song-Beverly Act was willful in that BMW had actual knowledge of the vehicle's defects and malfunctions, knew of its legal duties under the warranty and the law, but repeatedly refused to make necessary repairs and/or provide a refund.

20. Pursuant to Civil Code § 1794(c), plaintiff is entitled to a civil penalty of two times the amount of her actual damages.

21. Pursuant to Civil Code § 1794(d), plaintiff is entitled to reasonable attorney fees according to proof.

### SECOND CAUSE OF ACTION
### Breach of Implied Warranty--Song-Beverly Consumer Warranty Act
### (By Plaintiff and against BMW)

22. Plaintiff incorporates by reference all preceding paragraphs.

23. Pursuant to Cal. Civ. Code § 1792, the vehicle was accompanied by the retail seller's and the warrantor's implied warranty of merchantability.

24. Pursuant to Civil Code § 1793, and because of the existence of the express warranty, defendants may not disclaim, limit, or modify the implied warranties provided by the Song-Beverly Act.

25. Defendant breached the implied warranty of merchantability of Civil Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the vehicle unfit for the ordinary purposes for which it is used and it would not pass without objection in the trade.

26. Pursuant to Civil Code § 1794(a), plaintiff is entitled to restitution.

27. As a direct and proximate result of said breach of implied warranty, plaintiff

1 has sustained, and continue to sustain, incidental and consequential damages in the
2 approximate amount of $81,000.00.

3     **28.**    Pursuant to Civil Code § 1794(d), plaintiff is entitled to reasonable attorney
4 fees according to proof.

## THIRD CAUSE OF ACTION
### Violations of the Magnuson-Moss Warranty Act
### (By Plaintiff and against BMW)

7     **29.**    Plaintiff incorporates by reference all preceding paragraphs.

8     **30.**    The vehicle is a "consumer product" as defined by 15 U.S.C. § 2301(1).

9     **31.**    Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3).

10     **32.**    BMW is a "supplier" and a "warrantor" as defined respectively by 15 U.S.C.§
11 2301(4) and (5).

12     **33.**    The express written warranties are "written warranties" as defined by 15
13 U.S.C. § 2301(6).

14     **34.**    BMW violated the Magnuson-Moss Warranty Act by failing to conform the
15 vehicle to the express warranties within a reasonable number of attempts, a reasonable
16 amount of time or within the warranty periods.  Defendant failed to cure its failure to comply
17 with the Act.

18     **35.**    Prior to commencing this action, plaintiffs afforded BMW reasonable
19 opportunities to cure the failures and to comply with the Act.

20     **36.**    Pursuant to 15 U.S.C. § 2310(d)(1), plaintiff is entitled to the equitable
21 remedies of rescission and restitution and/or damages.  Plaintiff revokes acceptance of the
22 vehicle and rescinds the contract.  Plaintiff is entitled to restitution of all consideration given.

23     **37.**    As a proximate result of the violations of the Act, plaintiff has sustained, and
24 continue to sustain damages, both economic and noneconomic, in the approximate amount of
25 $80,000.00.

26     **38.**    Pursuant to 15 U.S.C. § 2310(d)(2), plaintiff is entitled to attorney fees and
27 expenses reasonably incurred in connection with this action.

28

## FOURTH CAUSE OF ACTION
### Breach of Implied Warranty--Magnuson-Moss Warranty Act
### (By Plaintiff and against BMW)

39. Plaintiff incorporates by reference all preceding paragraphs.

40. Pursuant to 15 U.S.C. § 2301(7), the breaches by defendants of the state-law implied warranty of merchantability as set forth above also constitute breaches of implied warranties pursuant to the Magnuson-Moss Act.

41. Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance, rescinds the contract, and claim full restitution.

42. As a proximate result of the breaches of implied warranty, plaintiff has sustained, and continue to sustain, damages, both economic and noneconomic, in the approximate amount of $81,000.00.

43. Pursuant to 15 U.S.C. § 2310(d)(2), plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

## FIFTH CAUSE OF ACTION
### Breach of Express Warranty
### (By Plaintiff and against BMW)

44. Plaintiff refers to and incorporates by reference all preceding paragraphs.

45. At all times herein mentioned, on and prior to October 29, 2016, BMW utilized media, professional publications and salespersons to urge the use and sale of the 2017 BMW X5, and expressly warranted to members of the general public, including the plaintiff herein, that the vehicle and its component parts were free from latent defects or inherent risk of failure and were effective, proper and safe for their intended use.

46. Plaintiff relied upon said express warranty representations of BMW in the purchase of the vehicle.

47. Defendant breached its warranties by selling vehicles that did not conform to the promises contained in the warranties.

48. After plaintiff sustained the damages complained of herein as a result of the defective condition of the vehicle, notice was given by plaintiff, who satisfied all terms of the

contract and requirements, except as may be excused by misconduct of the defendant. This complaint shall serve as further notice of the breach described herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1..     That the contract be adjudged rescinded.

2.     For restitution.

3.     For incidental and consequential damages.

4.     For actual and statutory damages.

5.     For reasonable attorney fees according to proof.

6.     For costs and expenses incurred herein.

7.     For such other relief as the Court deems proper.

8.     For a civil penalty of two times plaintiff's damages.

Dated:     February 11, 2019       Respectfully submitted,

TERRY L. BAKER
Attorney for Plaintiff

Christensen v. BMW of North America, LLC, et al.-6-

COMPLAINT



# SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SANTA CRUZ
701 OCEAN STREET
SANTA CRUZ, CALIFORNIA 95060
(831) 420-2200
www.santacruzcourt.org

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant(s). Cross complainants must serve the ADR Information Packet on any new parties named to the action. (California Rule of Court 3.221)

The Court *encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;
- Filing the Stipulation and Order to Attend Judicial Mediation or Private Mediation at least 10 days before the Case Management Conference (a local form included with the information packet); or
- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** For more information regarding Santa Cruz County's Mediation Program, see local rule 7.1 or contact the Civil Calendar Department at (831) 420-2200.

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz Superior Court offers Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

SUPCV-1012

Page 1 of 3
Local Rule 7.1
## STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
## OR PRIVATE ARBITRATION

## What are the Advantages of Using ADR?

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.
- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses).
- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.
- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.
- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

## What are the Disadvantages of using ADR?

- If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error or an appellate court.
- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

## What ADR Options are Available?

- **Mediation** – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.
  - **Court Mediation Program:** If the case is appropriate for Judicial Mediation and all parties agree to mediate, the Court will set the Judicial Mediation for a single session. The Case Management Judicial Officer will conduct the mediation.
  - **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court.
- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

---

SUPCV-1012

**STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*): | TELEPHONE NO.: | For Court Use Only |
|---|---|---|
| ATTORNEY FOR (*NAME*): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**
Santa Cruz
701 Ocean Street, Room 110
Santa Cruz, CA 95060

Plaintiff/Petitioner:

Defendant/Respondent:

| **STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION OR PRIVATE ARBITRATION**<br>Must be filed 10 days before Case Management Conference | CASE NO. |
|---|---|

FOR GOOD CAUSE as stated in the attached supporting declaration,
CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR:  (DATE)_____
CHECK ONLY ONE BOX:

1. (   ) The parties stipulate to court ordered mediation.

2. (   ) The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above.  The parties agree that such process shall be a good faith attempt to resolve the case.

**SIGNATURES OF COUNSEL:**

_____        TYPE NAME: _____
DATE: _____   ATTORNEY FOR: _____

_____        TYPE NAME: _____
DATE: _____   ATTORNEY FOR: _____

☐ ADDITIONAL SIGNATURES IN ATTACHMENT "A"

<u>**ORDER**</u>

**BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION, AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED**

☐ SET FOR JUDICIAL MEDIATION ON: _____   AT: _____ a.m./p.m.
☐ VACATE CMC CURRENTLY SET FOR: _____   AT: _____ a.m./p.m.

Date: _____         _____
                                       **JUDGE OF THE SUPERIOR COURT**